# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBLEDO-SOTO, | CASE NO. 1:11-cr-00328-LJO |
| Movant, | **ORDER ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** (Doc. 18) |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. INTRODUCTION

Benjamin Robledo-Soto ("Mr. Robledo-Soto") is a prisoner in federal custody proceeding pro se. Now before the Court is his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. He contends that he received ineffective assistance of counsel when counsel failed to investigate and present mitigating evidence at sentencing. For the reasons discussed below, Mr. Robledo-Soto's motion is DENIED.

## II. BACKGROUND

On September 29, 2011, Mr. Robledo-Soto was indicted for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). (Doc. 6). The indictment alleged that Mr. Robledo-Soto is an alien and that on or about November 2, 2005, he was removed from the United States after being convicted of possession of a controlled substance for sale, in violation of California Health & Safety Code § 11378, a crime punishable by a term of imprisonment exceeding one year. The

1

indictment further alleged that on or about September 22, 2011, Mr. Robledo-Soto was found in the United States without the express consent of the United States Attorney General or the Secretary of the Department of Homeland Security.

On February 13, 2012, Mr. Robledo-Soto entered into a plea agreement with the government in which he promised to plead guilty to the indictment. (Doc. 16, p. 2). He also agreed "not to contest his plea, conviction and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. §§ 2255 or 2241 or otherwise." (Doc. 16, p. 3). In addition, Mr. Robledo-Soto promised that

> [e]xcept for the four (4) level departure agreed to by the Government under this Plea Agreement pursuant to U.S.S.G. § 5K3.1, the defendant agrees not to move for any other downward adjustments in his offense level under either Chapters Two or Three of the Sentencing Guidelines. The defendant also agrees not to move for any other downward departures or variance of his sentence whether under the sentencing Guidelines or the factors of 18 U.S.C. § 3553, for a term of imprisonment of less than twenty-seven (27) months. . . . Additionally, the defendant agrees that the application of the Sentencing Guidelines to his case results in a reasonable sentence and that the defendant will not request that the Court apply the sentencing factors under 18 U.S.C. § 3553 to arrive at a sentence different than that called for under the Sentencing Guidelines. The defendant acknowledges that, if the defendant requests or suggests in any manner a different sentence than what is called for under the Sentencing Guidelines or the pre-plea advisory guideline presentence investigation report ("PSR") in this case, the Government, at its sole discretion, may withdraw from this Plea Agreement and continue with its prosecution of the defendant as if the parties had not entered into this Plea Agreement.

(Doc. 16, p. 3-4). The government agreed to move for a 4-level departure, pursuant to U.S.S.G. § 5K3.1,[1] and to recommend a 27-month sentence. (Doc. 16, p. 7).

A joint plea and sentencing hearing was held on February 27, 2012. (Doc. 19). During the plea portion of the hearing, Mr. Robledo-Soto pled guilty to the indictment (Doc. 19, p. 7) and confirmed that he understood the appeal waiver (Doc. 19, p. 5). During the sentencing portion of the hearing, defense counsel explained that Mr. Robledo-Soto returned to the United States because his son died and he wanted to sell a piece of property. (Doc. 19, p. 8-9). Defense counsel emphasized the fact that Mr.

---

[1] U.S.S.G. § 5K3.1 provides "[u]pon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides."

Robledo-Soto was here only temporarily and planned to return to Mexico. (Doc. 19, p. 9). Mr. Robledo-Soto spoke during the hearing as well. (*Id.*). He explained that he returned to the United States in order to bury his son. (*Id.*). The Court was unpersuaded by this explanation given that, according to Mr. Robledo-Soto, his son died in 2008[2] and he did not return to the United States until early 2010. (Doc. 19, p. 10). Pursuant to the plea agreement, the government moved for the § 5K3.1 departure and recommended a 27-month sentence. (Doc. 19, p. 8). The Court granted the government's motion and imposed a 27-month sentence. (Doc. 19, p. 12). At the conclusion of the hearing, the Court again acknowledged that Mr. Robledo-Soto waived his appellate rights. (Doc. 19, p. 14). The judgment was entered on March 1, 2012. (Doc. 17).

On September 5, 2012, Mr. Robledo-Soto placed the instant § 2255 motion in the prison mailing system. (Doc. 18, p. 21). He contends that he received ineffective assistance of counsel when counsel failed to investigate and present mitigating evidence at sentencing regarding his re-entry into the United States. (Doc. 18, p. 18-19). In support of his motion, he submits his son's death certificate (Doc. 18, p. 23) and a letter from the funeral home that handled his son's burial (Doc. 18, p. 22). Mr. Robledo-Soto also argues that he is entitled to an evidentiary hearing. (Doc. 18, p. 19-20).

### III. DISCUSSION

**A. Waiver**

Mr. Robledo-Soto contends that his ineffective assistance of counsel claim is not barred by the § 2255 waiver in his plea agreement because the plain language of the waiver does not preclude an ineffective assistance of counsel claim. The Court agrees.

A defendant may waive the statutory right to file a § 2255 motion. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). Generally, courts will enforce a § 2255 waiver if (1) the language of the waiver encompasses the defendant's right to file a § 2255 motion on the grounds claimed in the motion, and (2) the waiver is knowingly and voluntarily made. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000). Pursuant to the first requirement, courts apply contract principles, including the parole evidence rule. *Id.*; *see also United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992) ("Plea

---

[2] Mr. Robledo-Soto's son actually died on April 26, 2009. (Doc. 18, p. 23).

3

bargains are contractual in nature and must be measured by contract law standards.") (internal quotation marks omitted). "Under the parole evidence rule, a court looks to, and enforces, the plain language of a contract and does not look to 'extrinsic evidence . . . to interpret . . . the terms of an unambiguous written instrument.'" *Nunez*, 223 F.3d at 958 (quoting *Wilson Arlington Co. v. Prudential Ins. Co. of Am.*, 912 F.2d 366, 370 (9th Cir. 1990)).

The waiver at issue here states, "[t]he defendant . . . agrees not to contest his plea, conviction and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. §§ 2255 or 2241 or otherwise." (Doc. 16, p. 3: 17-20). In the instant motion, Mr. Robledo-Soto raises an ineffective assistance of counsel claim. He does not contest his plea, conviction, or sentence. Thus, under the plain language of the agreement, Mr. Robledo-Soto's ineffective assistance of counsel claim is not barred by the waiver.

**B. Ineffective Assistance of Counsel**

Mr. Robledo-Soto contends that he received ineffective assistance of counsel when counsel failed to investigate and present documentary evidence at sentencing regarding the circumstances surrounding his re-entry into the United States. He acknowledges that counsel attempted to set forth mitigating factors at sentencing but that if counsel would have fully developed the record he would have received a lower sentence.

To demonstrate ineffective assistance of counsel, a petitioner must establish deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In order to establish deficient performance, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. This requires petitioner to "show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. There is a strong presumption that counsel's performance fell within the "wide range of professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689).

The second factor petitioner must establish is prejudice. *Strickland*, 466 U.S. at 693. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability

4

sufficient to undermine confidence in the outcome." *Id*. Prejudice analysis must not only focus on outcome determination but also on the question of whether or not "the result of the proceeding was fundamentally unfair or unreliable." *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994) (*quoting Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)).

Mr. Robledo-Soto is unable to demonstrate ineffective assistance of counsel because his counsel's performance was not deficient. At sentencing, counsel explained to the Court that Mr. Robledo-Soto returned to the United States because his son died and he wanted to sell a piece of property. (Doc. 19, p. 8-9). Defense counsel emphasized the fact that Mr. Robledo-Soto was here only temporarily and planned to return to Mexico. (Doc. 19, p. 9). Thus, counsel apprised the Court of the circumstances surrounding Mr. Robledo-Soto's re-entry.

To the extent, Mr. Robledo-Soto contends that counsel should have requested a lower sentence based on these mitigating circumstances, counsel was not deficient for failing to make such a request. In the plea agreement, Mr. Robledo-Soto agreed not to move for a downward departure or variance for a term of imprisonment of less than twenty-seven months. (Doc. 16, p. 3:25-28). He further agreed that if he did request a lower sentence, the government could withdraw from the plea agreement. (Doc. 16, p. 4:13-19). Accordingly, if counsel would have requested a lower sentence, the government could have withdrawn from the plea agreement, and Mr. Robledo-Soto would have lost his 4-level departure under § 5K3.1, which would have exposed him to a higher guidelines' range. Thus, counsel's failure to request a lower sentence does not "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88.

Moreover, even if counsel would have presented mitigating evidence at sentencing, Mr. Robledo-Soto is unable to show a reasonable probability that the result of the proceeding would have been different. Mr. Robledo-Soto asserts that at sentencing, he mentioned the circumstances surrounding his re-entry into the United States, the Court viewed the circumstances as a mitigating factor but due to the lack of supporting evidence, chose not to impose a lower sentence. This argument is belied by the record. At sentencing, Mr. Robledo-Soto explained to the Court that he returned to the United States to give respect to his son's remains. (Doc. 19, p. 9-11). The Court was unpersuaded by Mr. Robledo-Soto's argument because he returned to the United States after his son died and remained in the United

States for a year before getting arrested. (Doc. 19, p. 10). In support of the instant motion, Mr. Robledo-Soto submits his son's death certificate. (Doc. 18, p. 23). Even if counsel would have presented the death certificate at sentencing, Mr. Robledo-Soto has failed to show a reasonable probability that the outcome of the proceeding would have been different because the death certificate still shows that Mr. Robledo-Soto returned to the United States an entire year after his son's death.[3]

At sentencing, Mr. Robledo-Soto also explained that he received permission to return to the United States from the funeral home that handled his son's burial. (Doc. 19, p. 9-10). In support of the instant motion, Mr. Robledo-Soto submits a copy of the letter. (Doc. 18, p. 22). Even if counsel would have presented this letter at sentencing, Mr. Robledo-Soto is unable to show a reasonable probability that the Court would have imposed a lower sentence because the letter is a mere request for re-entry. (*Id*.). In addition, even if the funeral home gave Mr. Robledo-Soto permission to return to the United States a funeral home does not have the authority to authorize a person to re-enter the United States. *See* 8 U.S.C. § 1326(a)(2) (explaining that once a person has been removed from the United States he or she may not re-enter unless "the Attorney General has expressly consented to" his or her re-application for admission). Hence, even if counsel would have presented the death certificate and letter from the funeral home at sentencing, Mr. Robledo-Soto has failed to show a reasonable probability that the Court would have imposed a lower sentence. *See Strickland*, 466 U.S. at 694 (prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

**C. Certificate of Appealability**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 341-42 (2003). To meet this standard, the petitioner

---

[3] The death certificate provides that Mr. Robledo-Soto's son died on April 26, 2009. (Doc. 18, p. 23). Mr. Robledo-Soto returned to the United States sometime around March 2010. (Doc. 19, p. 10).

"must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; *or* that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (alteration in original) (internal quotation marks and brackets omitted) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). In the absence of a COA, no appeal in a § 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds that the issues are not debatable among jurists of reason. *See Lambright*, 220 F.3d at 1024-25. Therefore, a COA is improper.

## IV. CONCLUSION & ORDER

For the reasons discussed above, this Court:

1. DENIES Mr. Robledo-Soto's § 2255 motion to vacate, set aside, or correct sentence;
2. DENIES Mr. Robledo-Soto's request for an evidentiary hearing; and
3. DENIES Mr. Robledo-Soto's COA.
4. The clerk is directed to close case no. 1:12-cv-01485-LJO

IT IS SO ORDERED.

**Dated:   November 1, 2012**              /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE